IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL AYELE, | * | |
| Petitioner | * | |
| v | * | Civil Action No. DKC-16-1314 |
| SPRINGFIELD HOSPITAL CENTER | * | |
| Respondent | * | |

\*\*\*

## MEMORANDUM OPINION

### Background

The above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was filed on May 2, 2016 by Petitioner Michael Ayele, then held at Springfield Hospital Center ("Springfield") in Sykesville, Maryland. Petitioner stated that he had been held at Springfield since the "end of January 2016." ECF No. 1 at pp. 8, 3. He sought "release back to the community"[1] and contended that the period during which he had been held exceeded "the maximum sentence for the 'crime' I have committed," which is 90 days. *Id.* at p. 4.

In a court-ordered response, counsel for the Maryland Department of Health and Mental Hygiene ("DHMH") argues the Petition should be dismissed because Petitioner did not name the proper Respondent. (ECF No. 4 at pp. 3-4). Counsel also demonstrates that Petitioner is no longer confined at Springfield, and requests the Petition seeking release be dismissed as moot. (*Id.* at p. 3). In reply, Petitioner acknowledges that he no longer is confined, and requests appointment of counsel to pursue the claim for money damages included in his Petition. (ECF No. 5 at 3; ECF 1 at 8).

---

[1] Petitioner also seeks money damages. ECF No. 1 at p. 8. Such damages are more properly sought in a civil rights action, not a habeas corpus petition. Thus, the damages claim shall not be considered here.

On November 9, 2015, Petitioner was charged with trespass on private property. *See* Case Information, *State v. Ayele,* Case No. 1D00348390 (District Court of Maryland for Montgomery County) (ECF 4-2). By order of November 10, 2015, the District Court of Maryland for Montgomery County ordered Petitioner committed to DHMH for a pretrial competency evaluation to determine Petitioner's competency to stand trial. (ECF No. 4-3).

On November 16, 2015, DHMH personnel submitted to the District Court of Maryland for Montgomery County its finding that Petitioner was incompetent to stand trial and dangerous due to a mental disorder. (ECF No. 4-4). On November 17, 2015, the District Court found Petitioner incompetent to stand trial, dangerous due to a mental disorder, and committed him to DHMH. (ECF No. 4-5). That order scheduled a status conference for January 29, 2016, and required DHMH to submit a status report at least three days before the scheduled conference. *Id*. The order also directed the Montgomery County Sheriff's Department to transport Petitioner to Springfield. *Id.*

On January 27, 2016, Springfield forwarded to the District Court of Maryland for Montgomery County the report required by the November 17, 2015 order. That report opined that Petitioner remained incompetent to stand trial and dangerous because of his mental disorder; that he was not likely to become competent in the foreseeable future; and that he met the criteria for civil commitment under Md. Crim. Proc. § 3-106(d)(1). (ECF No. 4-6). On January 29, 2016, the District Court of Maryland for Montgomery County determined that Petitioner met the criteria for civil commitment and entered an order committing him to DHMH. (ECF No. 4-7). On that same date, the charges against Petitioner were nol prossed. (ECF No. 4-2). Petitioner was discharged from Springfield on May 19, 2016.

Analysis

The proper respondent in a § 2241 proceeding is the Petitioner's custodian. *See* 8 U.S.C. § 2242; *see also* 8 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."); *Rumsfeld v. Padilla,* 542 U.S. 426, 434–435 (2004) (proper party respondent is generally the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge."). Respondent indicates that were Petitioner a patient at Springfield, the proper respondent would be Paula Langmead, Springfield's Chief Executive Officer. The court concurs; however, since Petitioner is not in the custody of Springfield and has not been in the custody of Springfield since his discharge on May 19, 2016, amendment of the Petition and docket to name the CEO would be futile. *Id.*

Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F. 2d 220, 224–26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

While he was committed to a mental health facility, Petitioner had a right under Maryland law to file a petition for release in state circuit court located in the county where he resides, where he resided before admission to the facility, or where the facility is located. *See*

Md. Health Gen. Code Ann., § 10-805(a) and (b).  Denial of an application for release may be appealed.  *See id.,* §10-805(h).  Petitioner did not challenge his commitment order in state court.

In the instant case special circumstances justifying this court's intervention do not exist because Petitioner is no longer confined at Springfield.  The issue regarding the validity of his confinement at Springfield is therefore moot.[2]  "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  The parties must continue to have a "personal stake in the outcome" of the lawsuit.  *Id.* at 478 (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983)).  "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'"  *Spencer*, 523 U.S. at 7 (quoting *Lewis,* 494 U.S. at 477).

Petitioner has no absolute entitlement to appeal this court's denial of his habeas corpus request.  *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2).  When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001)

---

[2] To the extent he seeks money damages for the time during which he was confined, Petitioner may file a separate, appropriate action for damages.  His request for appointment of counsel to pursue such a claim in the context of the instant action (contained in ECF No. 5) is denied.

(*quoting Slack v. Daniel,* 529 U.S. 473, 484 (2000)).  Petitioner has failed to demonstrate entitlement to a COA in the instant case.

Accordingly, based upon the foregoing reasons, the habeas corpus relief requested shall be denied and the Petition dismissed.  A certificate of appealability shall not issue and the Clerk shall be directed to close this case.

  July 14, 2016                                                                                                                                                /s/                       
Date                                                                                                            DEBORAH K. CHASANOW  
                                                                                                           United States District Judge